UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VANCE R DODSON JR., Plaintiff, | ) | No. 3:26-CV-93-KAC-DCP |
| v. | ) | |
| BAIL BOURNEII and JERNIGAN & SON FUNERAL HOME, Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 2] and his Applications to Proceed in District Court without Prepaying Fees or Costs [Docs. 1, 8]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiff's Applications [**Docs. 1, 8**].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915. To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). The Court is required to construe pro se pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**A. Summary of the Complaint**

Plaintiff names as Defendants Bail Bourneii ("Defendant Bourneii") and Jernigan & Son Funeral Home [Doc. 2 p. 1]. Plaintiff's wife passed away on February 28, 2025 [*Id.* at 2]. According to Plaintiff, he signed a document titled "Authorization for Cremation & [D]isposition some time in March 2025" [*Id.*]. Plaintiff states that once his "wife['s] remains and death certificate came back," the funeral home and director did not contact him [*Id.*]. Plaintiff alleges that after he made repeated contact with them, Defendant Bourneii gave him his wife's death certificate, but told him that her remains hadn't come yet and to come back next week [*Id.*]. After seven to eight weeks, Plaintiff contacted the Board of the Funeral Home and was told by Defendant Bourneii that he had given his wife's remains to her kids, but that he would get the remains back. Plaintiff

contends that he was never given his wife's remains and that it has caused him "a lot of pain and suffering," and that he is now on medication as a result [*Id.*].

Plaintiff asserts claims of fraud, breach of contract, breach of fiduciary duty, negligence, intentional infliction of emotional distress, and intentional mishandling of a corpse, and asks for damages in the amount of $1,500,000 [*Id.* at 3]. Plaintiff also requests suspension of Defendant Bourneii's license and the "fraud ownership of the funeral business" [*Id.*].

**B. Review**

Federal courts have limited jurisdiction. *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). "Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (quoting *EBI-Detroit, Inc.*, 279 F. App'x at 344). Specifically, under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In addition, pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States."

Here, Plaintiff's claims of fraud, breach of contract, breach of fiduciary duty, negligence, intentional infliction of emotional distress, and intentional mishandling of a corpse are state law claims. Accordingly, the Court can discern no basis for federal question jurisdiction.

Next, turning to diversity jurisdiction, federal courts have jurisdiction when there is diversity of citizenship, meaning the parties are "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists where (1) the plaintiff is a citizen of one state and all

of the defendants are citizens of other states, and (2) the amount in controversy is more than $75,000. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). A plaintiff must affirmatively allege the facts showing the existence of jurisdiction in the Complaint. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 183 (1936); Fed. R. Civ. P. 8(a)(1). Here, Plaintiff has not alleged sufficient facts to show that diversity of citizenship exists. Plaintiff reflects that he is a resident of Tennessee and that Defendant Jernigan & Son Funeral Home is a business based out of Knoxville, Tennessee [Doc. 2 pp. 1–2]. While Plaintiff does not provide an address for Defendant Bourneii, complete diversity is required for jurisdiction under § 1332(a). Because Plaintiff and Defendant Jernigan & Son Funeral Home are both residents of Tennessee, the Court may lack subject matter jurisdiction over this matter. *See Caudill v. North Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In their amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

> a) the names, titles, and residency of all [defendants if known];
>
> b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;
>
> c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;
>
> d) . . . the location where each relevant event occurred;
>
> e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id*.; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **September 30, 2026.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge